**ELD-44**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2478
_____

IN RE:  TORMU E. PRALL,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-11-cv-06355)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
Submitted July 19, 2012
Before:  Motz, Davis and Walker, <u>Circuit</u> <u>Judges</u>[*]

(Opinion filed: August 27, 2012)
_____

OPINION
_____

PER CURIAM

       Tormu E. Prall petitions for a writ of mandamus to compel the United States

District Court for the District of New Jersey to act in the proceedings on his petition for a

writ of habeas corpus.  We will deny the petition.

---

[*] The Honorable Diana Gribbon Motz, United States Circuit Judge for the Fourth Circuit, the Honorbale Andre M. Davis, United States Circuit Judge for the Fourth Circuit, and the Honorbale John Walker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.  28 U.S.C. Section 291.

1

This is Prall's second petition seeking to compel the district court to rule on his petition for a writ of habeas corpus. On December 27, 2011, Prall filed a similar petition for a writ of mandamus, which we denied by order entered February 7, 2012. In re Tormu E. Prall, C.A. No. 12-1046 (3d Cir. Feb. 7, 2012 Order). As we previously explained in denying Prall's initial petition, mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It is only appropriate when (1) the petitioner has no other adequate means to obtain the relief sought; (2) the right to the issuance of the writ is clear and indisputable; and (3) the issuing court is satisfied in the exercise of its discretion that mandamus is appropriate under the circumstances. Id. at 378-79.

The manner in which a District Court disposes of the cases on its docket is committed to its sound discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). However, there are instances, where "undue delay is tantamount to a failure to exercise jurisdiction," which may warrant mandamus relief. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). The delay complained of by Prall still does not rise to that level. Prall filed his habeas petition in late October 2011. Prall then filed two motions to amend and supplement his habeas petition, the most recent of which was dated December 23, 2011, postmarked December 30, 2011, and filed on January 3, 2012. Although more than six months have passed since our prior ruling and the delay is of concern, "it does not yet rise to the level of a denial of due process." Madden, 102 F.3d

at 79 (addressing five-month delay).  We are fully confident that the District Court will rule on Prall's habeas petition without undue delay.  Thus, the extraordinary remedy of mandamus is not warranted in this case.

Accordingly, we will deny the petition for a writ of mandamus.